**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ADIBETH DURAN ABREU<br>3060 West Blvd., Apt. B<br>Bethlehem, PA 18017 | :<br>:<br>:     CIVIL ACTION<br>: |
|      Plaintiff, | :     CASE NO.: _____<br>:<br>: |
| v. | :<br>:     **JURY TRIAL DEMANDED**<br>: |
| SCHENKER, INC.<br>d/b/a DB Schenker<br>1305 Executive Blvd., Ste 200<br>Chesapeake, VA 23320 | :<br>:<br>:<br>: |
|      Defendant. | :<br>:<br>: |

**CIVIL ACTION COMPLAINT**

Plaintiff, Adibeth Duran Abreu (hereinafter referred to as "Plaintiff" unless indicated otherwise), hereby complains and avers as follows against Schenker, Inc. (hereinafter "Defendant"):

**INTRODUCTION**

1.      Plaintiff initiates the instant action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964, ("Title VII" – 42 U.S.C. §§ 2000d *et. seq.*)/the Pregnancy Discrimination Act ("PDA"), the Pregnant Workers Fairness Act ("PWFA" - Pub. L. No. 117-328, 136 Stat. 4459 (2022)), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror her instant claims.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's future state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a citizen of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under the Title VII/PDA and the PWFA and has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is one of the world's leading global logistics providers, supporting industry and trade in the international exchange of goods.

9. Plaintiff physically worked out of Defendant's warehouse in Bethlehem, PA.

10. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired by Defendant on or about July 25, 2022.

13. At all relevant times during her employment with Defendant, Plaintiff worked as an Operations Team Lead in the returns area.

14. Plaintiff reported directly to Manager, Thomas Bonney (hereinafter "Bonney") and indirectly to Operations Supervisor, Catherine DeLeon (hereinafter "DeLeon").

15. The relevant Human Resources personnel involved in the instant matter was Georgia Jones (hereinafter "Jones").

16. During her employment with Defendant, Plaintiff was a dedicated and hardworking employee, who lacked a history of progressive discipline, until she learned that she was pregnant and notified Defendant's management of the same in or about late February/early March of 2025.

17. By week four (4) of her pregnancy (approximately), Plaintiff was beginning to experience extreme nausea, vomiting, and dehydration (due to consistent vomiting).

18. Plaintiff was eventually diagnosed with Hyperemesis Gravidarum ("HG").

19.     HG is a condition developed during pregnancy that is characterized by severe nausea, vomiting, weight loss, and dehydration.

20.     As a result of her pregnancy-related medical condition, Plaintiff missed multiple days of work.

21.     In connection with her pregnancy and her HG diagnosis, Plaintiff made multiple visits to the Emergency Room ("ER") and was able to get notes for some of the days that she was absent; however, ER visits became too costly (as she would have to pay several hundred dollars each time she made a visit to the ER).

22.     Therefore, Plaintiff tried to contact her physician to get a doctor's note explaining her need for an ongoing accommodation of intermittent time off from work related to her pregnancy/pregnancy-related complications/condition.

23.     However, due to her OBGYN's limited availability, Plaintiff was not able to be seen until April 3, 2025.

24.     Plaintiff continued to call her OBGYN to see if she could get an earlier appointment, but was unsuccessful.

25.     The best Plaintiff's OBGYN's office could do was put her on a waitlist and if another patient were to cancel their appointment, then she may have been able to fill that appointment.

26.     While Plaintiff already had verbal discussions with Bonney in late February/early March of 2025 regarding her pregnancy and pregnancy-related complications, she also sent him an email on March 21, 2025 outlining the health struggles she was having with her pregnancy and her concerns related to the intermittent time off that she needed for the same.

27.     Plaintiff specifically told Bonney that she was having a difficult time with her pregnancy because of the constant nausea and that while she always tried to obtain a note for her absences by going to the ER (due to her OBGYN's limited availability to see her sooner – discussed *supra*), her trips to the ER were becoming very costly and she could not afford to keep going to the ER just so she could have a doctor's note excusing her from work due to her pregnancy/pregnancy-related disabilities.

28.     Plaintiff also informed Bonney of the difficulties that she was having scheduling an appointment with her OBGYN to obtain a doctor's accommodation note excusing her from work intermittently, and that she had an appointment April 3, 2025 – despite her efforts to get an earlier appointment.

29.     Plaintiff further stated in her email to Bonney: "I feel really weak when Im [sic] nauseous and sometimes I feel like I want to sit down a little bit, but even to get a letter from my doctor requesting a chair I need to wait for my appointment."

30.     At the end of her aforesaid email to Bonney, Plaintiff attached her Nurse Triage Call After Visit Summary from March 20, 2025, as this was the best medical note that she could provide Defendant's management at the time.

31.     In further discussion with her family, Plaintiff learned that she could apply for FMLA to cover her absences related to her pregnancy/pregnancy-related disabilities.

32.     Plaintiff was never notified prior to this point by Defendant of her FMLA rights, and she was not provided with any FMLA paperwork (despite knowing that she needed intermittent time off for her pregnancy-related complications/conditions).

33.     Therefore, on or about March 26, 2025, Plaintiff emailed Bonney and Jones stating that she would like to apply for FMLA and inquired whether Jones could send her the forms to be able to get FMLA.

34.     Jones responded the same day and provided the necessary forms and contact information needed to apply for FMLA.

35.     As stated previously, Plaintiff had an appointment scheduled for April 3, 2025 and had planned to get the FMLA forms completed by her physician on that day.

36.     However, before Plaintiff was able to complete and submit the FMLA forms, she was terminated.

37.     On April 1, 2025, DeLeon notified Plaintiff that she was being issued multiple disciplinary warnings (from 3/3/2025, 3/26/2025, 3/28/2025, and 3/31/2025 – which Plaintiff never received before April 1, 2025) and terminated for her attendance because she had reached 10 points under Defendant's attendance policy.

38.     Despite the fact that Plaintiff's absences were related to her pregnancy/pregnancy-related disabilities, which Defendant's management was aware of and for which she was actively seeking FMLA to cover said absences (and future absences), Defendant ignored all of this and still terminated Plaintiff's employment.

39.     The next day, on April 2, 2025, Plaintiff received a call from DeLeon requesting that she submit an email to Defendant stating that she did not want to apply for FMLA anymore.

40.     DeLeon also left Plaintiff a voicemail telling her what to specifically write in the email to Defendant (discussed *supra*).

41.    Plaintiff was confused by this request, but she had already been terminated, was upset about her termination, and assumed that DeLeon was requesting this of her for administrative purposes.

42.    Only later did Plaintiff realize that Defendant would use the email that they instructed her to write against her and allege that she resigned from her position with Defendant, which is completely false, as she was provided a termination letter and signed the same on April 1, 2025.

43.    Based on the foregoing, Plaintiff believes and therefore avers that she was terminated from her employment with Defendant because of her pregnancy and/or requests for medical accommodations (including FMLA leave).

**First Cause of Action**
**Violations of Title VII/PDA**
**(Pregnancy Discrimination)**

44.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.    Plaintiff is qualified under the Title VII/PDA for protection because she was pregnant.

46.    Plaintiff's pregnancy was a motivating or determinative factor in Defendant's decisions to discipline her and terminate her employment.

47.    Defendant's actions as aforesaid constitute violations of Title VII/PDA.

**Second Cause of Action**
**Violations of the PWFA**
**([1] Interference; [2] Discrimination/Retaliation)**

48.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49.     Plaintiff is qualified under the PWFA for protection because she was pregnant during her employment with Defendant and had requested reasonable accommodations, including intermittent time off for complications/medical conditions connected with her pregnancy.

50.     Defendant refused to accommodate Plaintiff's accommodation requests and instead terminated her for the same by counting protected absences against her in making the decision to discipline and terminate her.

51.     Plaintiff also believes and therefore avers that she was retaliated against for requesting/utilizing reasonable pregnancy-related accommodations when she was disciplined and ultimately terminated.

52.     Defendant's actions as aforesaid constitute violations of the PWFA.

**Third Cause of Action**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference and Retaliation)**

53.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

55.     Plaintiff requested leave from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

56.     Plaintiff had at least 1,250 hours of service with the Defendant during her last full year of employment.

57. Defendant is engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

58. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

59. Defendant committed interference and retaliation violations of the FMLA by *inter alia*: (1) disciplining and terminating Plaintiff for requesting and/or exercising her FMLA rights; (2) taking actions towards her that would dissuade a reasonable person from exercising her rights under the FMLA; (3) considering Plaintiff's FMLA leave needs in making the decision to discipline and terminate her; (4) counting FMLA-qualifying absences against her in making the decision to discipline and terminate her; (5) terminating Plaintiff to prevent her from using FMLA-qualifying leave in the future; and (6) not properly notifying Plaintiff of her FMLA rights after being made aware of her need for intermittent time off related to her pregnancy complications/conditions.

60. These actions as aforesaid constitute violations of the FMLA.

**Fourth Cause of Action**
**Violations of the ADA**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

61. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

62. During her employment with Defendant, Plaintiff suffered from a qualifying disability under the ADA related to her pregnancy.

61. Plaintiff requested reasonable accommodations for her disability, including taking intermittent time off from work when experiencing flare ups of the same.

9

62.    Defendant refused to accommodate Plaintiff's accommodation requests and instead counted protected absences against her in making the decision to discipline and terminate her (thus failing to accommodate her disability).

63.    Plaintiff's [1] actual disability; [2] perceived disability; and/or [3] record of impairment was a motivating or determinative factor in Defendant's decisions to discipline her and terminate her employment.

64.    Plaintiff also believes that she was disciplined and terminated in retaliation for requesting a reasonable accommodation under the ADA.

65.    Defendant's actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C.    Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: April 9, 2026

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Adibeth Duran Abreu | : | CIVIL ACTION |
| v. | : | |
| Schenker, Inc. d/b/a DB Schenker | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (x )

| | | |
|---|---|---|
| 4/9/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                                          Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DURAN ABREU, ADIBETH

**(b)** County of Residence of First Listed Plaintiff   Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

SCHENKER, INC. D/B/A DB SCHENKER

County of Residence of First Listed Defendant   Norfolk
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - mployment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); FMLA (29USC2601)

Brief description of cause:
Violations of Title VII/PDA, PWFA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 4/9/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____